**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 23 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE GUADALUPE BARBOZA-CORTEZ, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 19-70451 <br><br> Agency No. A096-387-209 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 18, 2023**

Before:    GRABER, PAEZ, and NGUYEN, Circuit Judges.

Jose Guadalupe Barboza-Cortez, a native and citizen of Mexico, petitions

pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing

his appeal from an immigration judge's ("IJ") decision denying his applications for

asylum, withholding of removal, and protection under the Convention Against

---

\*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Torture ("CAT"), and denying his request for voluntary departure. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241 (9th Cir. 2020). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's determination that Barboza-Cortez did not establish that the government of Mexico is unable or unwilling to control the agents of any feared persecution. *See Castro-Perez v. Gonzales*, 409 F.3d 1069, 1072 (9th Cir. 2005) (record did not compel a finding that the government was unwilling or unable to control the feared harm). Thus, Barboza-Cortez's asylum and withholding of removal claims fail.

Substantial evidence also supports the agency's denial of CAT protection because Barboza-Cortez failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009); *Wakkary v. Holder*, 558 F.3d 1049, 1067-68 (9th Cir. 2009) (no likelihood of torture).

We lack jurisdiction to review the agency's discretionary denial of voluntary departure. *See* 8 U.S.C. § 1252(a)(2)(B)(i); *Patel v. Garland*, 142 S. Ct. 1614, 1622-23 (2022) (where the agency denies a form of relief listed in 8 U.S.C. § 1252(a)(2)(B)(i), federal courts have jurisdiction to review constitutional claims and questions of law, but not factual findings and discretionary decisions).

2

Barboza-Cortez does not raise a colorable legal or constitutional claim over which we retain jurisdiction. *See* 8 U.S.C. § 1252(a)(2)(D); *Corro-Barragan v. Holder*, 718 F.3d 1174, 1177 (9th Cir. 2013). To the extent Barboza-Cortez challenges the BIA's denial of the motion to remand, the BIA did not abuse its discretion in denying the motion where Barboza-Cortez failed to show prejudice. *See Vargas-Hernandez v. Gonzales*, 497 F.3d 919, 924-25 (9th Cir. 2007) (no prejudice where petitioner could not show the IJ would have reached a different result regarding discretionary relief).

We do not consider the materials Barboza-Cortez references in his opening brief that are not part of the administrative record. *See Fisher v. INS*, 79 F.3d 955, 963-64 (9th Cir. 1996) (en banc).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**